UNITED STATE DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JOHN HUTCHINSON,

                Plaintiff,

v.

CALVIN E. WEST et al, Superintendent
Elmira Correctional Facility,

                Defendants,

**DECISION and ORDER**

**04 -CV-135**

**(consent)**

---

On February 24, 2004, Plaintiff commenced this civil rights action while incarcerated at Elmira Correctional Facility alleging Elmira Correctional Officers made threats against him in retaliation for Plaintiff filing a civil action against corrections officers at Auburn State Prison in connection with an incident occurring while Plaintiff was incarcerated at the Auburn prison. By order filed March 3, 2004, the action was transferred to this court from the District Court for the Southern District of New York. (Doc. No. 4).

Before this court is Plaintiff's motion requesting transfer to Attica Correctional Facility, filed March 24, 2006 (Doc. No. 21), based on alleged threats of retaliation regarding his civil action against the Auburn corrections officers. Significantly, on January 25, 2007, Plaintiff advised the court that he now resides at Southport Correctional Facility, in Pine City, New York.

The Supreme Court has held that a prisoner has no constitutional right to avoid transfer from one state prison facility to another. *Meachum v. Fano*, 427 U.S. 215, 225 (1976). Moreover, prison inmates do not have a right to be placed in a particular facility

or to be free from transfers between facilities. *Meriwether v. Coughlin*, 879 F.2d 1037, 1047 (2nd Cir. 1989). It is well-settled that state prison officials are afforded broad discretion to transfer prisoners for any reason. *Id.* at 228. In New York state, administrative decisions concerning prisoner transfers are within the discretion of the New York State Department of Corrections. *Tinsley v. Goord*, No. 05 Civ. 3921, 2006 WL 2707324, at *5 (S.D.N.Y. Sept. 18, 2006) (citing N. Y. Correct. Law § 23 (McKinney 2006)); see *Matiyn v. Henderson*, 841 F.2d 31, 34 (2nd Cir. 1998).

Even if the court had the authority to order the transfer of a prisoner within the New York State Department of Corrections based on this record, Plaintiff's subsequent transfer to Southport Correctional Facility from Elmira Correctional Facility, the facility from which he sought to be removed, renders the issue moot.

Plaintiff's motion (Doc. 21) is therefore DISMISSED as moot.

SO ORDERED.

/s/ Leslie G. Foschio
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED: February 15th, 2007
Buffalo, New York